IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JARMOND CURRY, *et al.*,         )
                                 )
        Plaintiffs,          )
                                 )
    v.                           )   CIVIL ACTION NO. 5:17-cv-424 (MTT)
                                 )
Warden ERIC SELLERS, *et al.*,   )
                                 )
        Defendants.          )
_____)

### ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part the Defendants' motion for summary judgment on Plaintiff Jarmond Curry's claims. Doc. 133. He recommends granting the motion as to Curry's due process claim relating to his assignment to the Special Management Unit (SMU) and denying the motion as to Curry's due process claim relating to his denial of meaningful classification review hearings. *Id.*

The Magistrate Judge also recommends denying the Defendants' motion for summary judgment on Curry's claims for compensatory damages. In his brief in response to the motion for summary judgment, Curry alleged, for the first time, that he had physically harmed himself as a result of the mental distress of his SMU confinement. Doc. 124. He attached documentation from a classification review hearing referencing "9/14/2017 Injury to inmate/oneself" and alleged that on that date he cut himself. Docs. 124 ¶ 3; 124-1 at 1. Based on that evidence, the Magistrate Judge found the Court cannot rule as a matter of law that Curry failed to satisfy the physical-injury requirement of the Prison Litigation Reform Act, 42 U.S.C.A. § 1997e(e).

The Defendants objected, arguing that Curry "is not permitted to amend his complaint through a responsive pleading." Doc. 142 at 2. The Defendants also argue that "nothing in the documentation Plaintiff has presented to the Court demonstrates that Plaintiff suffered more than a *de minimis* injury." *Id.*

Normally a plaintiff is not allowed to amend a complaint through a responsive pleading. But because Curry is proceeding pro se, the Court liberally construes the new allegations in the response brief as a motion to amend the complaint. *See Newsome v. Chatham Cnty. Detn. Ctr.*, 256 Fed.Appx. 342, 344 (11th Cir. 2007) (district court should have construed new allegations in a pro se prisoner's objection to a report and recommendation as a motion to amend the complaint). Motions for leave to amend are governed by Federal Rule of Civil Procedure 15(a)(2), which states that leave to amend should be "freely give[n] . . . when justice so requires." The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Curry is **ORDERED**, by no later than June 5, 2020, to file a brief in support of his motion to amend that sets forth, in detail, his allegations regarding physical injury. Failure to do so may result in the denial of his motion to amend. The Defendants may file a response brief within 21 days of the date of service of the motion, and Curry may file a reply brief within 14 days of the date of service of the response brief.

-3-

The Court will defer ruling on the Report and Recommendation until the pending motion to amend is resolved.

**SO ORDERED**, this 13th day of May, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT