IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **FRED DALTON BROOKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:17-cv-424 (MTT) |
| | ) | |
| **COMMISSIONER HOMER BRYSON,** | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER

Plaintiff Fred Dalton Brooks moves for reconsideration of the Court's Order denying his motion to compel the production of five state prisoners to be interviewed by him. Doc. 57; *see* Doc. 54 at 14-16.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). Here, Brooks has raised no change in the law, newly discovered

-2-

evidence, or clear error in the Court's previous order.  Accordingly, his motion for reconsideration (Doc. 57) is **DENIED**.

    **SO ORDERED**, this 3rd day of June, 2020.

                                                        <u>S/ Marc T. Treadwell</u>
                                                        MARC T. TREADWELL, JUDGE
                                                        UNITED STATES DISTRICT COURT