# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JARMOND CURRY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-cv-424 (MTT) |
| | ) |
| Warden ERIC SELLERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part the Defendants' motion for summary judgment on Plaintiff Jarmond Curry's claims. Doc. 133. The Magistrate Judge recommends (1) granting the Defendants' motion as to Curry's due process claim relating to his assignment to the Special Management Unit (SMU) and (2) denying the motion as to Curry's due process claims relating to his retention in the SMU without meaningful classification review hearings. *Id*.

**A. The SMU assignment claim**

First, the Magistrate Judge recommends granting summary judgment on the SMU assignment claim. Curry did not object, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews that portion of the Recommendation for clear error. After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge as to the SMU assignment claim. That portion of the Recommendation (Doc. 133) is **ADOPTED** and made the Order of the Court.

**B. The SMU retention claim**

The Magistrate Judge also recommends denying the Defendants' motion for summary judgment on Curry's claims for violation of due process in retaining him in the SMU without meaningful classification review hearings.  Specifically, the Magistrate Judge found (1) that Curry had created an issue of material fact on the merits of his due process claim and (2) that Curry had adequately alleged physical injury.  Doc. 133 at 3-4, 7-9.  The Defendants filed an objection (Doc. 142), so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which the Defendants objected.

*1. The merits of the due process claim*

As to the merits of the due process claim, the Court reviews the Magistrate Judge's Recommendation de novo.  After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge to deny the motion for summary judgment on the SMU retention claim.  That portion of the Recommendation (Doc. 133) is **ADOPTED** and made the Order of the Court.

*2. Available remedies*

In Curry's brief in response to the motion for summary judgment, he alleged, for the first time, that he had physically harmed himself as a result of the mental distress of his SMU confinement.  Doc. 124.  He attached documentation from a classification review hearing referencing "9/14/2017 Injury to inmate/oneself" and alleged that on that date he cut himself.  Docs. 124 ¶ 3; 124-1 at 1.  Based on that evidence, the Magistrate Judge found the Court cannot rule as a matter of law that Curry failed to satisfy the physical-injury requirement of the Prison Litigation Reform Act, 42 U.S.C.A. § 1997e(e).

The Defendants objected, arguing that Curry "is not permitted to amend his complaint through a responsive pleading."  Doc. 142 at 2.  The Defendants also argue that "nothing in the documentation Plaintiff has presented to the Court demonstrates that Plaintiff suffered more than a *de minimis* injury."  Id.

Normally a plaintiff is not allowed to amend a complaint through a responsive pleading.  But because Curry is proceeding pro se, the Court liberally construed the new allegations in the response brief as a motion to amend the complaint.  Doc. 156 at 2; *see Newsome v. Chatham Cnty. Detn. Ctr.*, 256 Fed.Appx. 342, 344 (11th Cir. 2007) (district court should have construed new allegations in a pro se prisoner's objection to a report and recommendation as a motion to amend the complaint).

The Court ordered Curry to file a brief in support of his motion to amend no later than June 5, 2020.  Doc. 156 at 2.  The Court ordered that that memorandum should set forth, in detail, Curry's allegations regarding physical injury.  *Id.*  Curry did not file that brief.

Motions for leave to amend are governed by Federal Rule of Civil Procedure 15(a)(2), which states that leave to amend should be "freely give[n] . . . when justice so requires."  The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The motion to amend is denied for three reasons.

First, Curry has acted with undue delay. The alleged physical injury occurred in September 2017, and Curry filed the complaint in October 2017. Docs.124 ¶ 3; 1. However, he did not move to amend to add that allegation until his response brief was filed March 24, 2020. Doc. 124. After reviewing the record, the Court can find no explanation or justification for Curry's waiting more than two years to allege injury. And again, Curry failed to respond to the Court's order for a brief in support of his motion.

Second, allowing amendment would unduly prejudice the Defendant. Because of Curry's delay, the Defendants did not have an opportunity to conduct discovery on Curry's alleged injury. Further, the Defendants made sure there were no issues of physical injury by asking Curry, in his deposition, if he was physically injured by the Defendants' conduct. Curry denied having suffered physical harm as a result of the Defendants' actions. Doc. 101-3 at 40:6-41:25.[1] Clearly it would be prejudicial to allow Curry to allege, for the first time, a physical injury at this late stage.

Finally, amendment would be futile. It is clear that Curry's conclusory allegation of physical injury is insufficient under the PLRA. For that reason, among others, the Court ordered Curry to provide more details about his alleged injury, but he failed to do so. Doc. 156 at 2 (ordering Curry to "set[] forth, in detail, his allegations regarding physical injury."). Given the conclusory nature of Curry's allegations and the absence of further factual detail, the new allegations fail to show a physical injury. Amendment, therefore, would be futile.

---

[1] To be clear, Curry's deposition testimony is not necessarily inconsistent with his new allegations. He denied having been injured by the Defendants' alleged due process violations, but the injury he now alleges is so causally attenuated from those due process violations that Curry may not have realized the injury was covered by the Defendants' questioning. Nonetheless, after Curry failed to allege physical injury in the complaint and specifically denied physical injury in his deposition, the Defendants reasonably believed that no physical injuries would be at issue in this case.

For the reasons noted, Curry's motion to amend (Doc. 124) is **DENIED**.

The new physical-injury allegations were the Magistrate Judge's only basis for finding the PLRA's physical-injury requirement might be satisfied. Curry makes no other argument that he has satisfied the physical-injury requirement, and the Court cannot find any basis in the record for concluding Curry has shown he suffered a physical injury.

Because the Defendants objected, the Court reviews for clear error the Magistrate Judge's Recommendation to deny the Defendants' motion for partial summary judgment in limiting Curry's claims to nominal damages. After review, that portion of the Recommendation (Doc. 133) is **REJECTED**.

## C. Conclusion

For the reasons noted above, the Recommendation (Doc. 133) is **ADOPTED** in part and **REJECTED** in part. It is **ADOPTED** as to the SMU assignment claims and the merits of the SMU retention claims, but **REJECTED** as to available relief. Accordingly, the Defendants' motion for summary judgment (Doc. 101) is **GRANTED** in part and **DENIED** in part. Curry's only remaining claim is a due process claim for nominal damages based on his retention in the SMU without meaningful classification review hearings.

**SO ORDERED**, this 13th day of July, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT