IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRED DALTON BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:17-cv-424 (MTT) |
| ) | |
| COMMISSIONER HOMER BRYSON, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Fred Dalton Brooks moves to proceed in forma pauperis. Doc. 181. Brooks seeks to appeal the Court's Order (Doc. 179) adopting the Magistrate Judge's Recommendation (Doc. 143) to grant the Defendants' motion for partial summary judgment and the Magistrate Judge's Order denying Brooks's motion to appoint counsel (Doc. 144). Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Brooks did not file an affidavit including a statement of his assets or an updated certified copy of his trust fund account statement, but he does claim that he "cannot prepay the docket fees[.]" Doc. 181-1. That is insufficient to support a finding of poverty.

However, even assuming Brooks could satisfy the poverty requirement, it is clear that the appeal is not taken in good faith. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for

the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Brooks identifies three issues on appeal: (1) whether the Magistrate Judge erred in finding that Brooks did not allege exceptional circumstances to justify the appointment of counsel, (2) whether the Magistrate Judge applied the wrong standard when he found that the appointment of counsel is only justified by exceptional circumstances, and (3) whether the Court erred in adopting the Recommendation to grant the Defendants' motion for partial summary judgment. Doc. 181-1 at 1-2.

After review, the Court finds that the Magistrate Judge applied the correct standard under Eleventh Circuit law to resolve Brooks's motion for appointment of counsel. Further, the Court agrees with the Magistrate Judge's conclusion that no exceptional circumstances warranted the appointment of counsel for Brooks. Nor has Brooks raised any issues of arguable merit regarding the Magistrate Judge's denial of appointment of counsel. Likewise, after reviewing the record, the Court finds there are no issues of arguable merit regarding the Court's adoption of the Recommendation to grant the Defendants' motion for partial summary judgment.

The appeal, therefore, is not brought in good faith. Brooks has raised no issues with arguable merit. Consequently, Brooks's motion to appeal IFP (Doc. 181) is **DENIED**.

If Brooks wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Brooks has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section1915(b), the prison account custodian where Brooks is confined

shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Brooks's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Brooks is incarcerated.

    **SO ORDERED**, this 20th day of August, 2020.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT