IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PATRICK LEE CONNELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-cv-424 (MTT) |
| | ) |
| Warden ERIC SELLERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Court has granted summary judgment on the claims for declaratory and injunctive relief by Plaintiffs Ruffin, Curry, Brooks, and Coleman. Docs. 171; 177; 179; 202. As to Curry, the Magistrate Judge reasoned as follows:

> These forms of relief are barred by the Court's judgment in *Gumm v. Ford*, Case No. 5:15-cv-41. During the pendency of proceedings in *Gumm*, the Georgia Department of Corrections voluntarily amended its standard operating procedures to work "numerous remedial measures." (*Gumm*, Doc. 256-1, p. 7). Subsequently, the Court approved of these and other remedial measures in a class settlement agreement, the terms of which included a release of claims for injunctive and declaratory relief by class members. (*Id.*, p. 25). The pertinent class consists of "all persons who are or in the future will be assigned to the facility currently known as the Special Management Unit at Georgia Diagnostic & Classification Prison, or who are or in the future will be assigned to the Tier III program." (*Gumm*, Doc. 256, pp. 3–4). This class encompasses Plaintiff, and hence, Plaintiff's claims for injunctive and declaratory relief are barred by the terms of the *Gumm* settlement.

Doc. 133 at 3. As to Brooks and Ruffin, the Magistrate Judge found that their claims for declaratory and injunctive relief were barred by the *Gumm* settlement and mooted by their transfer to a different prison. Docs. 143 at 2, 5; 146 at 2, 5. The Court adopted the

Magistrate Judge's reasoning as to the declaratory and injunctive relief claims of all four Plaintiffs.

Although the Defendants did not move for summary judgment on Plaintiff Patrick Connelly's claims, those claims, too, are both moot and barred by the *Gumm* settlement. Connelly is currently incarcerated at Hays State Prison, not the Special Management Unit at the Georgia Diagnostic and Classification Prison, so his claims for declaratory and injunctive relief appear to be moot. See *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (citing *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) and *McKinnon v. Talladega Cty.*, 745 F.2d 1360, 1363 (11th Cir. 1984)); *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988). Further, the Court's judgment in *Gumm v. Jacobs*, 5:15-cv-41, bars declaratory or injunctive relief. *See Gumm*, Doc. 256-1 at 25.

The Court ordered Connelly to show cause, no later than September 11, 2020, why his claims for declaratory and injunctive relief should not be dismissed both for mootness and as barred by the *Gumm* settlement. Doc. 193. Connelly did not respond.

The Court finds that the claims for declaratory and injunctive relief are both moot and barred by the *Gumm* settlement. Accordingly, those claims are **DISMISSED** under the mootness doctrine and as settled. The only relief available for Connelly's claims is nominal damages. *See Connelly*, 5:17-cv-416, Doc. 1-1 at 14-15.

**SO ORDERED**, this 3rd day of December, 2020.

                                             S/ Marc T. Treadwell
                                             MARC T. TREADWELL, CHIEF JUDGE
                                             UNITED STATES DISTRICT COURT