IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **COREY LEWIS COLEMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:17-cv-424 (MTT) |
| | ) |
| **Warden DANFORTH,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## ORDER

On December 3, 2020, the Court entered an Order granting Defendant Burnside's motion for summary judgment and the other Defendants' motion for partial summary judgment to limit Plaintiff Corey Coleman's due process claim to nominal damages. Doc. 202 at 10. Coleman has now filed a "motion to object" to the Court's Order. Doc. 206. The Court construes that "motion to object" as a motion for reconsideration.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [his]

prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Here, Coleman has raised no change in the law or newly discovered evidence. Rather, he "adopts [the] arguments within [his] Declaration in Opposition to Defendant Motion for Partial Summary Judgment." Doc. 206 at 2. The Court already reviewed that Declaration (Doc. 201) and rejected the arguments Coleman made in it. He makes no new arguments in his motion for reconsideration, and the Court finds he has not shown any clear error to warrant reconsideration of the Court's Order granting Burnside's motion for summary judgment and granting the other Defendants' motion for partial summary judgment. Accordingly, his motion for reconsideration (Doc. 206) is **DENIED**.

**SO ORDERED**, this 20th day of January, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT